D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

JOAN HALL CARRINGTON,

               Plaintiff,                              **MEMORANDUM & ORDER**
                                                          **10-cv-1024 (NGG) (VVP)**

        -against-

CHRYSLER FINANCIAL,

               Defendant.
------------------------------------------------------x

NICHOLAS G. GARAUFIS, United States District Judge:

On March 4, 2010, pro se Plaintiff Joan Hall Carrington ("Plaintiff") filed this civil action alleging, inter alia, that Defendant Chrysler Financial ("Chrysler") illegally withdrew funds from her bank account. (Compl. (Docket Entry #1).) Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

Plaintiff alleges that, after she was late with a loan payment, Defendant "withdrew" $797.50 from her bank account without her consent. (Compl. ¶ II(a), Ex. 4.) Plaintiff further alleges that Defendant has been making harassing phone calls to her. (Id. ¶ II(b).) Plaintiff seeks "removal of all negative reporting" to credit agencies, "reversal of all accumulated late charges," reimbursement of costs, and punitive damages. (Id. ¶ IV.)

**II.    STANDARD OF REVIEW**

In reviewing Plaintiff's complaint, the Court is mindful that because Plaintiff is proceeding pro se, her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted).

Nonetheless, under 28 U.S.C. § 1915 (e)(2)(B), a district court must dismiss an in forma pauperis action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## III. DISCUSSION

Plaintiff alleges that Chrysler's actions violate "federal consumer laws," including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Compl. ¶¶ II(a), II(b).) The FCRA regulates the activities of consumer reporting agencies and the use and dissemination of consumer credit information, but does not reach activities relating to debt collection, bank fraud, or telephone communications. See 15 U.S.C. § 1681 et seq. Plaintiff does not allege that Chrysler took any actions involving the use or dissemination of her consumer credit information, and has therefore failed to plead a violation of the FCRA.

Plaintiff's Complaint refers generically to "collection activities" undertaken by Chrysler, and Plaintiff has attached various letters and emails suggesting that the alleged "withdrawal" was an attempt by Chrysler to recover an outstanding debt on a car payment loan. (See Compl. ¶ III(b); "Exhibits" pp. 4, 6, 14.) To the extent that Plaintiff is seeking relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., that claim also fails.

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. See 15 U.S.C. § 1692(e). To make out a claim under the FDCPA, Plaintiff must show that (1) she "has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Awah v. Donaty, No. AW-09-116 (Williams, J.), 2009 U.S. Dist. LEXIS 103077, at *4 (D. Md. Nov. 4, 2009) (quoting Dikun v. Streich, 369 F. Supp. 2d 781, 785 (E.D. Va. 2005)).

2

Section 1692a(6) of the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Creditors, defined singularly as "any person who offers or extends credit creating a debt or to whom a debt is owed," 15 U.S.C. § 1692a(4), are not subject to the act. James v. Ford Motor Credit Co., 842 F. Supp. 1202, 1206 (D. Minn. 1994), aff'd 47 F.3d 961 (8th Cir. 1995). Automobile finance companies like Chrysler Financial are primarily engaged in making installment loans to customers – that is, they are "creditors" within the meaning of the FDCPA – and therefore "do not have as their principal business purposes the collection of debts and . . . do not generally collect debts due to others."[1] McGrady v. Nissan Motor Acceptance Corp., 40 F. Supp. 2d 1323, 1335 (M.D. Ala. 1998). Other courts have held that Chrysler Financial is not a "debt collector" and therefore not subject to the FDCPA. See Brown v. Lanham Ford Inc., No. DKC 09-0753 (Chasanow, J.), 2010 U.S. Dist. LEXIS 4222, at *7 (D. Md. Jan. 20, 2010) (Chrsyler Financial not a debt collector under FDCPA); Ghartey v. Chrysler Credit Corp., No. 92-cv-1782, 1992 U.S. Dist. LEXIS 18185, at *8-9 (E.D.N.Y. Nov. 23, 1992) (automobile finance company that preceded Chrysler Financial not a debt collector under FDCPA). Accordingly, to the extent that Plaintiff seeks relief under the FDCPA, she has failed to state a claim.

## IV. CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3)

---

[1] It appears from the correspondence attached to the Complaint that the bank "withdrawal" Plaintiff complains of was an attempt by Chrysler Financial to recover a debt owed to itself, not to another party. (See Compl. "Exhibits" pp. 4, 6, 14.)

3

that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 5, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge